CELLULOID MANUF'G Co. and others *v.* NOYES and others.

SAME *v.* AMERICAN ZYLONITE Co. and others.

*(Circuit Court, D. Massachusetts.   October 31, 1885.)*

PATENTS FOR INVENTIONS—CELLULOID COMBS—WANT OF INVENTION.
   Patent No. 223,311, dated January 6, 1880, and granted to William Booth, for improvement in the manufacture of combs from celluloid and analogous material, *held* void.

In Equity.
*Frederick H. Betts,* for complainants.
*E. B. Smith,* for Noyes and others.
*E. M. Fett,* for American Zylonite Co.

COLT, J.   The defendants are charged with infringement of letters patent No. 223,311, dated January 6, 1880, granted to William Booth for improvement in the manufacture of combs from celluloid and analogous material.   The device consists in the application of a stream or jet of water to or near the saw while the teeth of the comb are being cut.   The claims are as follows:

   (1) The process of making combs of celluloid and analogous material herein set forth, consisting in the application of a stream or jet of water to or near the saw while the teeth of the comb are being cut, substantially as set forth.
   (2) The process of making combs of celluloid or analogous material herein set forth, in which a jet or stream of water is applied to or near the saw while the teeth of the comb are being cut, substantially as set forth.

The use of water upon a saw or cutting tool, to lubricate it, diminish friction and consequent heat, is old.   It has been used in making combs, rings, piano keys, and numerous other articles out of ivory, mother of pearl, rubber, and other materials; and it also appears that it has been previously applied to sawing knife-handles of celluloid.

In view of the well-known and common use of water upon a cutting tool, we must hold this patent void for want of invention.   In dealing with a material of the character of celluloid, the use of water upon the saw would seem to suggest itself to the most ordinary mechanic.

The complainants seek to uphold the patent and escape the charge of double use, on the ground that new results are accomplished by the application of this process to the manufacture of combs from celluloid.   Water in the Booth process performs its usual duty of lubrication, keeping the saw cool, and preventing it from buckling, and also keeping the material cool, and preventing it from softening, so as to bend, or from catching on fire.

Bearing in mind what has been accomplished by the use of a similar process, we are unable to discover, notwithstanding the skillful

and elaborate argument of complainants' counsel, any such new re sults in the use of the Booth process as would warrant the court in sustaining the patent on this ground.    Bills dismissed.